UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BELINDA BROADERS,
on behalf of her son, B.B., a minor,

    Plaintiff,

v.                                    CASE NO: 8:10-CV-2411-T-27EAJ

POLK COUNTY SCHOOL BOARD,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Magistrate Judge's Report and Recommendation (Dkt. 8), which recommends that Polk County School Board's motion to dismiss (Dkt. 5) be granted. Plaintiff filed objections (Dkt. 9), to which the School Board responded in opposition (Dkt. 10). Upon consideration of the Report and Recommendation and Plaintiff's objections, and having conducted an independent examination of the file, the Court is of the opinion that the Report and Recommendation (Dkt. 8) should be adopted, confirmed, and approved in all respects.

### Standard

Plaintiff is entitled to *de novo* review of any portions of the Report and Recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### Discussion

The Magistrate recommends that the complaint be dismissed because Plaintiff failed to allege sufficient facts to show that Defendant is liable under 42 U.S.C. § 1983. Plaintiff objects, pointing to the allegations in paragraphs 15 and 21 of her complaint. Paragraph 21, however, is not part of her § 1983 claim. Paragraph 15, while included in her § 1983 claim, consists solely of the type of legal conclusions that are "not entitled to the assumption of truth" and need not be credited on a

motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-51 (2009). Plaintiff has offered nothing more than "labels" and a "formulaic recitation of the elements" of her constitutional claims. *Id.* at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Simply put, she has not pled "sufficient factual matter" to state a claim to relief that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). Plaintiff's objection, which is based on cases applying a pleading standard that predates *Twombly* and *Iqbal*, is disingenuous.

The Magistrate recommends dismissal of Plaintiff's due process claim on the additional ground that, under *Nix v. Franklin County School District*, 311 F.3d 1373 (11th Cir. 2002), allegations of "deliberate indifference" are insufficient to satisfy the constitutional standard of conduct that "shocks the conscience." Although Plaintiff objects, she made no effort to distinguish *Nix*, and she certainly has not shown that its holding is inapplicable to this case.

Plaintiff also takes issue with the Magistrate's conclusion that the Constitution does not impose an affirmative duty on the School Board to protect students from one another. Plaintiff acknowledges that "a state is not constitutionally obligated to protect individuals against private violence." (Dkt. 9 at 8) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)). Nonetheless, she argues that *DeShaney* is inapplicable because there was a "special relationship" between B.B. and the School Board, and because the School Board "created a danger."

The "special relationship" doctrine is limited to "custodial relationships, such as those which arise from the incarceration of prisoners or other forms of involuntary confinement through which the government deprives individuals of their liberty and thus of their ability to take care of themselves." *White v. Lemacks*, 183 F.3d 1253, 1257 (11th Cir. 1999). Plaintiff contends that B.B. experienced a level of detention commensurate with "someone incarcerated or involuntarily committed by the State" because "[o]nce B.B. arrived at school he could not and did not ever leave until the end of the day." (Dkt. 9 at 9). The Eleventh Circuit has flatly rejected this position. *See*

2

*Wyke v. Polk Cnty. Sch. Bd.*, 129 F.3d 560, 569 (11th Cir. 1997) ("By mandating school attendance, the state simply does not restrict a student's liberty in the same sense that it does when it incarcerates prisoners or when it commits mental patients involuntarily."). Schoolchildren are not in state custody and therefore are not in a "special relationship" with the state.

Plaintiff contends there was a constitutional duty to protect B.B. because the School Board "created a danger" on account of its awareness of complaints from B.B. and others.[1] But "the [s]tate's knowledge of the individual's predicament" does not create an affirmative duty to protect. *Wyke*, 129 F.3d at 569 (quoting *DeShaney*, 489 U.S. at 200). And in any event, Plaintiff's argument is essentially that the School Board failed to devote sufficient resources to protect disabled and minority students, which does not give rise to a cognizable claim under the Due Process Clause. *White*, 183 F.3d at 1258.[2]

With respect to Plaintiff's equal protection claim, the Magistrate recommends dismissal because Plaintiff failed to allege sufficient facts to show that the School Board's policies treat minority students and disabled students differently. Plaintiff objects, relying on allegations that were not in her complaint and which appear unrelated to her claim. To the extent Plaintiff seeks to base her claim on these allegations, this is not an appropriate mechanism for amending her pleading. *See Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Plaintiff raises an additional objection that she should not be required to plead facts supporting her claim without the benefit of discovery. However, *Iqbal* requires a plaintiff to allege facts, not unsubstantiated conclusions, before engaging in discovery. 129 S. Ct. at 1950 ("Rule 8 marks a notable and generous departure from the

---

[1] In making this argument, Plaintiff relies on *Cornelius v. Town of Highland Lake*, 880 F.2d 348 (11th Cir. 1989), which was "pronounce[d] ... dead and buried" in *White*. 183 F.3d at 1259. Although Plaintiff cites *White*, she limits her discussion to the portion which summarized *Cornelius*. Plaintiff's reliance on these cases is not well-taken.

[2] This is not to say that Plaintiff is left without a remedy. Indeed, she has cited several cases for the proposition that Florida law imposes such a duty on the School Board. While Florida law does not inform the constitutional analysis, Plaintiff's argument reaffirms *Nix*'s conclusion that this is a matter best left to state tort law.

hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). The Court agrees with the Magistrate that Plaintiff has not stated a claim under the Equal Protection Clause.

## Conclusion

Accordingly, Plaintiff's objections (Dkt. 9) are OVERRULED, and the Report and Recommendation (Dkt. 8) is ADOPTED, CONFIRMED, and APPROVED and is made part of this order for all purposes, including appellate review.

(1) Defendant's motion to dismiss (Dkt. 5) is GRANTED. Count I of the complaint is DISMISSED without prejudice.

(2) Plaintiff is granted leave to file an amended complaint within 14 days, failing which, it will be assumed that Plaintiff does not intend to amend her § 1983 claim.

**DONE AND ORDERED** this 30th day of June, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record